UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>JENNIFER VALLOMBROSO | Crim. No. 3:07cr211 (JBA)<br><br>March 25, 2015 |

**RULING GRANTING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE**

On February 27, 2008, Defendant Jennifer Vallombroso was convicted of conspiring to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 846. She was sentenced [Doc. # 84] on October 6, 2008 to 120 months' imprisonment. She now moves [Doc. # 116], pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, for a reduction in her sentence. For the following reasons, her motion is granted.

Under 18 U.S.C. § 3582(c)(2), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a reduction in her sentence. Upon such motion, "a district court must engage in a 'two-step approach.'" *United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). "At step one, the court 'must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.'" *Id.* (quoting *United States v. Wilson*, 716 F.3d 50, 52 (2d Cir. 2013)). "At step two,

'§ 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors[1] and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827).

Ms. Vallombroso contends, and the Government agrees [Doc. # 117], that she is eligible for a reduction under § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. That Amendment, effective November 1, 2014, reduced by two levels the offense levels assigned to the quantities of controlled substances that trigger the statutory mandatory minimum penalties in U.S.S.G. § 2D1.1 and made parallel changes to § 2D1.11. Ms. Vallombroso and the Government agree that applying the Amendment to Ms. Vallombroso yields an amended sentencing range of 100 to 125 months' imprisonment.[2] Based on the fact that Ms. Vallombroso's original sentence was at the bottom of the applicable guidelines sentencing range, the Probation Office recommends [Doc. # 114], and Ms. Vallombroso seeks a reduced sentence of 100 months' imprisonment.

In determining whether or how much to reduce Ms. Vallombroso's sentence, however, the Government urges the Court to consider the fact that Ms. Vallombroso "has

---

[1] These factors include:

    (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed. . .;
    (3) the kinds of sentences available;
    (4) the kinds of sentence and the sentencing range established for. . .;
    (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;
    (7) the need to provide restitution to any victims of the offense.

[2] The prior range was 120 to 150 months' imprisonment.

been cited for misconduct on multiple occasions for violations of the rules of conduct at her institution of incarceration." (Gov't Response [Doc. # 117] at 4.)  Specifically, Ms. Vallombroso was cited for being insolent to a staff member (Dec. 2014), possessing an unauthorized item (June 2010), and fighting (Feb. 2009).  (Amend. 782 Addendum to PSR [Doc. # 113].)  In addition, the Probation Office notes public safety factors arising out of Ms. Vallombroso's prior convictions for Burglary Third Degree in 2001, Reckless Endangerment Second Degree in 2002 and Robbery Third Degree in 2004.  (*Id.*)  On the other hand, Ms. Vallombroso has not been cited for a violent disciplinary infraction for six years, and she appears to be using her time in prison productively, enrolling in courses on banking, personal growth, management studies, and computer skills.  (*See* BOP Progress Report, Ex. 4 to Amend. 782 Addendum to PSR at 2.)

Upon full consideration of the factors set out in § 3553(a), the Court concludes that a reduction in Ms. Vallombroso's sentence to 100 months is appropriate, and such a reduction would be consistent with the applicable policy statements issued by the Sentencing Commission and the purpose of Amendment 782, which is to move toward alleviating "the significant overcapacity and costs" of federal prisons.  U.S.S.G. Amendment 782 (policy statement).  Because Ms. Vallombroso's original sentence was at the bottom of the applicable guideline range, her term of imprisonment will be reduced to the bottom of the revised guideline range, 100 months.

For the foregoing reasons, Ms. Vallombroso's Motion [Doc. # 116] for Reduction in Sentence is GRANTED and, effective November 1, 2015,[3] her term of imprisonment is reduced to 100 months.  All other aspects of the original sentence shall remain in effect.

---

[3] Under U.S.S.G. § 1B1.10(e)(1), "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the order is

IT IS SO ORDERED.

/s/_____

Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 25th day of March, 2015.

---

November 1, 2015, or later."   However, an application note explains that "Subsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. 3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later." U.S.S.G. § 1B1.10, comment (n.6).